21-1761-cv
*ASG & C, Inc. v. Arch Specialty Insurance Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-two.

PRESENT:
>    DENNY CHIN,
>    RICHARD J. SULLIVAN,
>    EUNICE C. LEE,
>        *Circuit Judges*.

_____

ASG & C, INC., A NEW YORK CORPORATION,

    *Plaintiff-Appellant*,

    v.                                                    No. 21-1761-cv

ARCH SPECIALTY INSURANCE COMPANY,

    *Defendant-Appellee*.

_____

**For Plaintiff-Appellant:**              DAVID H. CHARLIP, Charlip Law Group, LC, Miami, FL.

**For Defendant-Appellee:**              KATELYN M. SANDOVAL (Markham R. Leventhal & Todd M. Fuller, Carlton Fields, P.A., Washington, DC, *on the brief*), Carlton Fields, P.A., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant ASG & C, Inc. appeals from a judgment of the district court (Brown, *J.*) dismissing ASG & C's complaint against its insurer Defendant-Appellee Arch Specialty Insurance Company. In June 2018, Arch issued a commercial general liability policy to ASG & C. After the policy expired in September 2019, Arch contacted ASG & C and, pursuant to Section IV, Paragraph 5 of the policy, demanded an audit of ASG & C for the purpose of computing an audited premium. Two weeks later, Arch sent ASG & C an invoice in the amount of $24,313.62 for the "Audit Premium" it believed was due.

2

Rather than pay the invoice, ASG & C filed a putative class action in New York state court "seeking a declaratory decree . . . that the premium audit provisions of the policy . . . were invalid and unenforceable." Appellant Br. at 10. Arch subsequently removed the case to federal court, and ASG & C filed an amended complaint seeking damages for unjust enrichment. ASG & C also sought declaratory and injunctive relief predicated on its unjust enrichment claim.[1] The district court concluded that ASG & C's claim for unjust enrichment would not lie because the subject matter of the claim was covered by an express contract between the parties, and the district court dismissed ASG & C's complaint without leave to amend. We review the district court's grant of dismissal de novo. *See Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018).

Under New York law, there are three elements to an unjust enrichment claim: "(1) the [defendant] was enriched, (2) at th[e] [plaintiff]'s expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (internal quotation marks omitted). Unjust enrichment is a "narrow"

---

[1] ASG & C concedes that all of its requests for relief rise and fall with its claim for unjust enrichment. *See* Reply Br. at 6 n.1.

doctrine, *E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441, 455 (2018), and "[i]t is available only in unusual situations when, though the defendant has [neither] breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff," *Corsello v. Verizon N. Y., Inc.*, 18 N.Y.3d 777, 790 (2012). "Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Id.* Because a claim for unjust enrichment is a quasi-contractual claim, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery . . . for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987).

Here, the parties entered into an express written contract – the policy – that governs ASG & C's claim. Accordingly, ASG & C is limited to recovery on the contract and may not seek recovery based on an alleged quasi contract. *Id.* at 389. Moreover, ASG & C nowhere alleges that it actually paid the invoice.[2] Thus, Arch was not enriched *at all*, much less unjustly. We therefore reject ASG & C's claim

---

[2] In fact, at a pre-motion conference held in connection with Arch's motion to dismiss, ASG & C conceded that it had not paid the invoice.

4

for unjust enrichment, as well as its requests for declaratory and injunctive relief that depend on that claim.

We have considered ASG & C's remaining arguments and find them to be meritless.   As a result, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
